UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EUGENE A. HARRIS, SR.,

      Petitioner,

v.                                  CASE NO. 6:11-cv-1391-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7).  Petitioner filed a reply (Doc. No. 9) to the response.

Petitioner alleges one claim for relief in his habeas petition, that the trial court erred by denying his motion for judgment of acquittal where counts one and two did not accuse him of statutory crimes.  As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

*I.    Procedural History*

Petitioner was charged with two counts of attempted first degree murder (counts one and two) and two counts of aggravated child abuse (counts three and four) (App. A

at 37-38).  A jury trial was held on August 9, 1999 (App. B), and Petitioner was convicted as charged of counts one, two, and four (App. A at 60-61).  Petitioner was also convicted of the lesser included offense of child abuse with respect to count three (App. A at 61).  The trial court sentenced Petitioner to concurrent twenty-year terms of imprisonment for counts one and two, to a concurrent five-year sentence for count three, and to a concurrent fifteen-year sentence for count four.  *Id.* at 64-72.  Petitioner appealed, and on April 11, 2000, the Fifth District Court of Appeal affirmed *per curiam* (App. D at 35).

On February 5, 2001, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Supplemental Appendix at 1-5).[1] The trial court summarily denied the motion on August 15, 2001.  *Id.* at 5-10.  Petitioner did not appeal the trial court's denial of his motion.  Petitioner subsequently filed a Rule 3.800(a) motion to correct illegal sentence on April 18, 2007.[2]  *Id.* at 27-31.  On April 22, 2007, the trial court denied the motion.  *Id.* at 32-33. Petitioner did not appeal.

On August 20, 2007, Petitioner filed a second Rule 3.850 motion (App. F at 1-8).  The trial court dismissed the Rule 3.850 as untimely and successive.  *Id.* at 21-23.  Petitioner

---

[1]The petition was signed by Petitioner but is not dated, nor does it contain a stamp from the correctional institution indicating the date on which it was turned over to prison officials for mailing.  Therefore, the Court will use the date the motion was docketed in the state court as the date it was filed.

[2]This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

appealed, and on March 2, 2010, the Fifth District Court of Appeal affirmed *per curiam* (App. G at 39). Mandate was issued on May 3, 2010. *Id.* at 44. Petitioner filed his federal habeas petition on August 16, 2011 (Doc. No. 1).

## II.    *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)    the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance of Petitioner's

conviction and sentence on April 11, 2000. Petitioner then had ninety days, or through July 10, 2000, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3). Thus, under § 2244(d)(1)(A), the judgment of conviction became final on July 10, 2000, and Petitioner had through July 10, 2001, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.850 motion on February 5, 2001. A total of 210 days of the one-year limitations period elapsed before Petitioner filed this motion. The time for filing a federal habeas petition was tolled from February 5, 2001, through September 14, 2001, thirty days after the trial court denied his motion. *See* Fla. R. App. P. 9.110(b); *Hammerl v. State*, 779 So. 2d 410 (Fla. 2d DCA 2000). Petitioner had 155 days remaining of the one-year limitations period, or until February 18, 2002, in which to file his federal habeas petition. The instant federal habeas petition, filed on August 16, 2011, is untimely filed.

The Court is aware that Petitioner filed two other post-conviction motions in the state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the

4

instant untimely federal habeas petition must be denied.

To overcome his untimely filing, Petitioner argues that a manifest injustice has occurred and thus, his petition cannot be barred as untimely.  Petitioner essentially argues that he is actually innocent.  In support of his claim, Petitioner argues that his convictions for counts one and two amount to a manifest injustice because the information charging him with these crimes is defective.  Petitioner asserts the information does not properly "accuse him of statutory crimes . . . ." *Id.*

For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[3] "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.,* 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

---

[3]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d).  Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

Petitioner's argument relates to the legal sufficiency of the charging document, which does not show that he is factually innocent of the crimes. Thus, Petitioner has not demonstrated that his untimely petition should be excused.

Petitioner also argues that finding his petition untimely would violate the Suspension Clause of the United States Constitution. The Eleventh Circuit recently held that a petitioner must make a showing of actual innocence before a court will consider a Suspension Clause claim. *See Rozelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011-12 (11th Cir. 2012). Petitioner has not made an actual showing of actual innocence, therefore, his argument with regard to the Suspension Clause fails. Accordingly, Petitioner has not demonstrated that his untimely filed petition should be excused.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## III. *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or,

6

that "the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Eugene A. Harris, Sr.(Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2.      Petitioner is **DENIED** a certificate of appealability.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 21st day of December, 2012.

Copies to:
OrlP-3 12/21
Counsel of Record
Eugene A. Harris, Sr.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE